UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES EARL DEWS, | 1: 06 CV 01875 LJO WMW HC |
|     Petitioner, | MEMORANDUM OPINION AND ORDER RE RESPONDENT'S MOTION TO DISMISS PETITION FOR WRIT OF HABEAS CORPUS |
| v. | [Doc. 9] |
| BEN CURRY, | |
|     Respondent. | |

Petitioner is a prisoner proceeding with a petition for writ of habeas corpus pursuant to 28 U.S.C. Section 2254. Pending before the court is Respondent's motion to dismiss.

**PROCEDURAL HISTORY**

Petitioner was convicted of first degree burglary, felon in possession of a firearm, and possession of cocaine while in possession of a loaded, operable firearm. Petitioner also pleaded guilty to possession of cocaine. In a bifurcated proceeding, the trial court found true special allegations that Petitioner had suffered two prior felony convictions within the meaning of the "three strikes law" and had served a prior prison term. The trial court sentenced Petitioner to a total

1  determinate term of 11 years and an indeterminate term of 50 years to life.

2  Petitioner filed a direct appeal and on October 17, 1997, the California Court of Appeal, Fifth
3  Appellate District ("Court of Appeal"), affirmed the judgment.  Petitioner filed a petition for review
4  with the California Supreme Court, which the court denied on January 14, 1998.

5  Petitioner subsequently filed six state habeas corpus petitions.

6  On January 26, 2000, Petitioner filed a prior federal habeas corpus petition challenging the
7  same conviction challenged in the present petition.  Dews v. Galaza, 1: 00 CV 5125 AWI HGB
8  (YNP) HC.  The court denied this petition on February 5, 2004.  The Court of Appeal for the Ninth
9  Circuit denied a certificate of appealability..

10  Petitioner filed the present action on December 27, 2006.

## LEGAL STANDARD

JURISDICTION

Relief by way of a petition for writ of habeas corpus extends to a person in custody pursuant to the judgment of a state court if the custody is in violation of the Constitution or laws or treaties of the United States. 28 U.S.C. § 2254(a);  28 U.S.C. § 2241(c)(3);  Williams v. Taylor, 120 S.Ct. 1495, 1504 fn.7 (2000). Petitioner asserts that he suffered violations of his rights as guaranteed by the United States Constitution.  In addition, the conviction challenged arises out of the Fresno County Superior Court, which is located within the jurisdiction of this court. 28 U.S.C. § 2254(a); 2241(d). Accordingly, the court has jurisdiction over the action.

On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which applies to all petitions for writ of habeas corpus filed after its enactment. Lindh v. Murphy, 521 U.S. 320, 117 S.Ct. 2059, 2063 (1997), *cert. denied,* 522 U.S. 1008, 118 S.Ct. 586 (1997); Jeffries v. Wood, 114 F.3d 1484, 1499 (9th Cir. 1997) (quoting Drinkard v. Johnson, 97 F.3d 751, 769 (5th Cir.1996), *cert. denied,* 520 U.S. 1107, 117 S.Ct. 1114 (1997), *overruled on other grounds by* Lindh v. Murphy, 521 U.S. 320, 117 S.Ct. 2059 (1997) (holding AEDPA only applicable to cases filed after statute's enactment).  The instant petition was filed after the enactment of the AEDPA, thus it is governed by its provisions.

//

STANDARD OF REVIEW

This court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).

The AEDPA altered the standard of review that a federal habeas court must apply with respect to a state prisoner's claim that was adjudicated on the merits in state court. Williams v. Taylor, 120 S.Ct. 1495, 1518-23 (2000). Under the AEDPA, an application for habeas corpus will not be granted unless the adjudication of the claim "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States;" or "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State Court proceeding." 28 U.S.C. § 2254(d); Lockyer v. Andrade, 123 S.Ct. 1166, 1173 (2003) (disapproving of the Ninth Circuit's approach in Van Tran v. Lindsey, 212 F.3d 1143 (9th Cir. 2000)); Williams v. Taylor, 120 S.Ct. 1495, 1523 (2000). "A federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." Lockyer, at 1174 (citations omitted). "Rather, that application must be objectively unreasonable." Id. (citations omitted).

While habeas corpus relief is an important instrument to assure that individuals are constitutionally protected, Barefoot v. Estelle, 463 U.S. 880, 887, 103 S.Ct. 3383, 3391-3392 (1983); Harris v. Nelson, 394 U.S. 286, 290, 89 S.Ct. 1082, 1086 (1969), direct review of a criminal conviction is the primary method for a petitioner to challenge that conviction. Brecht v. Abrahamson, 507 U.S. 619, 633, 113 S.Ct. 1710, 1719 (1993). In addition, the state court's factual determinations must be presumed correct, and the federal court must accept all factual findings made by the state court unless the petitioner can rebut "the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1); Purkett v. Elem, 514 U.S. 765, 115 S.Ct. 1769 (1995); Thompson v. Keohane, 516 U.S. 99, 116 S.Ct. 457 (1995); Langford v. Day, 110 F.3d 1380, 1388 (9th Cir. 1997).

**DISCUSSION**

Respondent moves to dismiss this petition on the ground that it is successive and on the ground that it is untimely. Petitioner opposes the motion. Because the court finds merit in Respondent's first contention, it finds it unnecessary to address the second.

Under AEDPA's "gatekeeping" provisions, an applicant seeking to file a second or successive petition must obtain from the appropriate court of appeals an order authorizing the district court to consider the application. 28 U.S.C. § 2244(b)(3)(A). Section 2244(a) and (b) provides:

> No circuit or district judge shall be required to entertain an application for a writ of habeas corpus to inquire into the detention of a person pursuant to a judgment of a court of the United States if it appears that the legality of such detention has been determined by a judge or court of the United States on a prior application for a writ of habeas corpus, except as provided in section 2255.
>
> (b)(1) A claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed.

In opposing this motion, Petitioner argues that his petition is timely, citing California authorities. See In re Harris, 5 Cal.4th 813 (1993). This argument is irrelevant to the issue before the court: the fact that this is a second petition challenging the same conviction previously challenged in an earlier petition. It is undisputed that Petitioner has not obtained the necessary authorization from the Court of Appeals allowing him to proceed in this second or successive petition. See 28 U.S.C. § 2244(b)(3)(A). Without such authorization, this court lacks jurisdiction to consider the petition.

Based on the foregoing, IT IS HEREBY ORDERED as follows:

1) Respondent's motion to dismiss is GRANTED;

2) This petition for writ of habeas corpus is DISMISSED without prejudice as an unauthorized second or successive petition; and

3) The Clerk of the Court is directed to enter judgment for Respondent and to close this case.

IT IS SO ORDERED.

Dated:   February 28, 2008           /s/ Lawrence J. O'Neill
                                     UNITED STATES DISTRICT JUDGE